The Honorable J.L. "Jim" Shaver, Jr. State Representative P.O. Box 592 Wynne, AR 72396
Dear Representative Shaver:
This is in response to your request for an opinion regarding Act 40 of the First Extraordinary Session of 1992, which is codified at A.C.A. § 26-73-113 (Adv. Code Serv. 1992-93). You state that Cross County has entered into a five-year contract with a private company for solid waste disposal service to be furnished to the County. You note that the company operates a large compactor station in Cross County, and transports the solid waste to a landfill in Lee County. Cross County currently levies a one-cent sales tax for the County General Fund. Your specific question is as follows:
 Can Act 40 be used to levy an additional sales tax to be used to make the payments due the private concern for the services it performs for the County?
It is my opinion that the answer to this question is, generally, "yes." Section 26-73-113, as amended by Act 40 of 1992 (1st Ex. Sess.), states in pertinent part as follows:
 (a)(1) In lieu of using all or a portion of its authority to levy a sales and use tax solely to pay bonded debt under § 14-164-327, the governing body of any municipality or county may adopt an ordinance levying a tax in the amount of one-fourth of one percent (. 25%), one-half of one percent (0.5%), three-fourths of one percent (.75%), or one percent (1%) upon all taxable sales of property and services subject to the tax levied by the Arkansas Gross Receipts Act, § 26-52-101 et seq., and upon the privilege of storing, using, distributing or consuming within this state any tangible personal property which is subject to the Arkansas Compensating Tax Act, § 26-53-101 et seq. The ordinance or ordinances must specify that the tax is being levied under this law. By levying a tax under this section, the municipality or county levying a tax hereunder shall lose its authority to levy up to a one percent (1%) sales and use tax under § 14-164-327 solely to pay bonded debt only to the extent of the tax levied hereunder.
(2) The proceeds of a tax levied under this section may be used to:
 (A) Finance the operation or maintenance of capital improvements, or a solid waste management system or part thereof as defined in § 8-6-203, or both;
 (B) Secure the repayment of bonds by the municipality or county issued under §§ 14-164-301—339;
 (C) Acquire or construct capital improvements of a public nature for no more than twenty-four (24) months; or
(D) Any or all of the above.
A.C.A. § 26-73-113(a) (Adv. Code Serv. 1992-93).
Section 8-6-203 defines "[s]olid waste management system" as "the entire process of source reduction, storage, collection, transportation, processing, waste minimization, recycling, and disposal of solid wastes by any person engaging in the process as a business or by any municipality, authority, trust, county, orby any combination thereof. . . ." A.C.A. § 8-6-203(7) (Supp. 1991) (emphasis added). The agreement between the private company and the county for the provision of solid waste services appears to fall within this definition, "or part thereof," consistent with § 26-73-113(a)(2)(A). While the tax authorized in §26-73-113 clearly may not be used to finance a private concern, use of the proceeds to finance a county system, or part thereof, that includes services provided to the county by private persons, is reasonably encompassed within § 26-73-113(a)(2)(A).
As the language emphasized above indicates, the definition of "[s]olid waste management system" in § 8-6-203 includes the entire process of disposal of solid waste by any person engaging in the process as a business or by, inter alia, any county "or by any combination thereof." Another section of this body of law (the Arkansas Solid Waste Management Act) offers further insight into this phrase "any combination thereof." Section8-6-212 states that a county may enter into agreements "with other counties, one (1) or more municipalities, governmental agencies, with private persons, trusts, or with any combination thereof" to provide a solid waste management system for the county or any portion thereof. A.C.A. § 8-6-212(a)(3) (Supp. 1991). Thus, the language in § 8-6-203(7) regarding "any combination thereof" may reasonably be construed as including agreements between a county and private persons to provide a solid waste management system or any portion thereof.
This compels me to conclude that the use of sales tax proceeds generated under A.C.A. § 26-73-113 for payments to a private concern, as proposed in your correspondence, would be authorized under § 26-73-113(a)(2) as the financing of a solid waste management system, or part thereof, as defined in A.C.A. §8-6-203. This conclusion applies to the general question involving this proposed use of the sales tax, and is not intended to address any other terms of or issues surrounding a particular agreement.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh